**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **FARMLAND INDUSTRIES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 02-4135-JAR |
| | ) |
| **NATIONAL UNION FIRE INSURANCE** | ) |
| **COMPANY OF PITTSBURGH,** | ) |
| **PENNSYLVANIA, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend its complaint (Doc. 53) to: (1) reflect Farmland's name change and the "Liquidating Trustee's" interest in plaintiff's cause of action and (2) change plaintiff's basis for requesting attorney fees and interest from Kansas statutes (K.S.A. 40-256 and 40-908) to Missouri statutes (Mo. Rev. Stat. 375.296 and 375.420).[1]  Defendants oppose plaintiff's request to amend to assert Missouri rather than

---

[1] Farmland was renamed "Reorganized FLI, Inc." as a result of bankruptcy proceedings.  Farmland's available causes of action were transferred to J.P. Morgan Trust Company, the "Liquidating Trustee."

Kansas statutes.[2]  For the reasons set forth below, the motion to amend shall be GRANTED.

**Background**

Plaintiff sues to recover under an all-risk insurance policy issued by defendants. Highly summarized, plaintiff alleges that in 1998 Farmland entered a Storage Service Agreement with Manchester Pipeline Corporation to store natural gas at Manchester's Oklahoma storage facilities.  In April 2000, Farmland purchased .5 billion cubic feet of natural gas from Mountain Energy for storage in the Manchester facility.  When Farmland made demand for delivery of the natural gas in October 2000, Mountain Energy and Manchester advised Farmland that they could not deliver the gas because the underground storage facility lacked sufficient natural gas to satisfy all of its customers.  Plaintiff contends that the loss of natural gas is a peril covered under the all-risk policy.

The parties filed cross-motions for summary judgment which Judge Robinson denied. <u>Memorandum and Order</u>, filed August 27, 2004, Doc. 43.  On the day before the final pretrial conference, plaintiff moved to amend its complaint to assert Missouri statutes, rather than Kansas statutes, to support its claim for attorney fees and interest.  As noted above, defendants object to plaintiff's attempt to substitute Missouri statutes.  Plaintiff contends that the proposed amendment is consistent with Judge Robinson's holding that Missouri law governs

---

[2] No objection has been filed with respect to Farmland's name change or the Liquidation Trustee's interest in this litigation.  Accordingly, that portion of the motion shall be granted without further discussion.

the interpretation of the insurance contract and the Missouri statutes "match" the Kansas statutes cited in the original complaint.

## Analysis

The standard for permitting a party to amend its complaint is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[3] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

## Untimely and Prejudicial

Defendants argue that the motion to amend is untimely because it was filed on the eve of the final pretrial conference and plaintiff was aware of the possible application of the

---

[3] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

Missouri statutes before filing this action.[4]  Defendants also argue that the Kansas and Missouri statutes are not identical and they will be severely prejudiced by the amendment. As discussed below, neither argument outweighs the federal preference for decisions on the merits rather than on technicalities.

The court is not persuaded that defendants are materially prejudiced by the amended citation to Missouri statutes. The gravamen of plaintiff's original prayer for relief was (1) payment of the loss under the terms of the policy and (2) attorney fees and costs associated with defendants' wrongful failure to pay the loss. Under K.S.A. 40-256, the court is obligated to assess such attorney fees if it determines that the insurer "*refused without just cause or excuse* to pay the full amount of such loss." Similarly, under Mo. Rev. Statute 375.420 the court or jury may impose reasonable attorney fees "if it appears from the evidence that such company has *refused to pay such loss without reasonable cause or excuse*." The standard is essentially identical in both statutes.[5]

The Missouri statute includes an additional provision allowing the court or jury to award a ten percent penalty if the loss exceeds fifteen hundred dollars. Defendants contend that this

---

[4] Defendants argue that the parties agreed in their planning report that motions to amend should be filed by January 30, 2003. However, Farmland subsequently filed bankruptcy and dates listed in the planning report became moot.

[5] Defendants seek to compare the Missouri statute with K.S.A. 40-908, a statute that imposes a different standard for the award of attorney fees. However, because of the similarity between K.S.A. 40-256 and Mo. Rev. Statute 375.420, an analysis of 40-908 is unnecessary.

additional amount of damages would have affected the manner in which they conducted discovery. The court does not find this argument persuasive. Plaintiff's claimed loss under the insurance policy is approximately 2.6 million dollars and the suggestion that defendants would have conducted discovery in a more extensive manner if the claimed damages were 2.86 million dollars (reflecting the additional 10% of the claimed policy loss) is not credible.[6] Under the circumstances, the court rejects defendants' prejudice objection.

With respect to defendants' objection of untimeliness, the court notes that the case-management schedule was severely disrupted by Farmland's bankruptcy proceeding and the parties' original case management plan was never implemented. While plaintiff should have moved to amend at an earlier date, defendants have been aware that Missouri law would govern the interpretation of contract since August 27, 2004, the date Judge Robinson filed her Memorandum and Order (Doc. 43). Accordingly, defendants' untimeliness objection is overruled.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 53)** is **GRANTED.** Plaintiff's shall file their amended complaint by January 31, 2005 and the

---

[6] Defendants assert that they would have "litigated this action quite differently had Farmland asserted this claim [the additional 10%] from the outset, seeking documents and testimony regarding Farmland's claim that the Insurers vexatiously refused to pay the claim." However, the issue of whether the defendants refused to pay the loss "without just cause or excuse" has always been an issue in this case and defendants had ample opportunity to explore this issue during discovery. Defendants offer no other specifics concerning the additional discovery necessary to defend the amended allegations.

amended language will be incorporated into the final pretrial order.

Dated at Wichita, Kansas this 26th day of January 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge